IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MUSCOGEE (CREEK) NATION, a federally recognized Indian Tribe, *Plaintiff*, v. CITY OF TULSA; G.T. BYNUM, in his official capacity as Mayor of City of Tulsa; WENDELL FRANKLIN, in his official capacity as Chief of Police, Tulsa Police Department; and JACK BLAIR, in his official capacity as City Attorney for City of Tulsa, *Defendants*. | Case No. 4:23-cv-00490-JDR-SH |

**THE UNITED STATES' REPLY IN SUPPORT
OF ITS MOTION TO INTERVENE**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 2

    I.    TULSA DID NOT RESPOND AND THEREFORE ACQUIESCED TO THE UNITED STATES' ARGUMENTS IN SUPPORT OF INTERVENTION .......... 2

    II.    DISMISSAL WILL NOT RESOLVE THE UNITED STATES' SIGNIFICANT INTERESTS IN THE QUESTION OF FEDERAL INDIAN LAW PRESENTED IN THIS CASE ................................................................................................... 3

        A.    The United States is not a party to the state court proceedings; that alone makes dismissal of this case improper. ....................................................... 3

        B.    This Court is the better forum to litigate these federal questions of criminal jurisdiction. ................................................................................................ 6

CONCLUSION .................................................................................................................... 10

# **TABLE OF AUTHORITIES**

### CASES

*Allen v. Worldwide Flight Servs.*,
   No. CIV-20-971-SLP, 2021 WL 1821718 (W.D. Okla. Jan. 12, 2021) ...................................... 3

*Atl. Richfield Co. v. Farm Credit Bank of Wichita*,
   226 F.3d 1138 (10th Cir. 2000) ................................................................................................ 6

*Bowen v. Doyle*,
   880 F. Supp. 99 (W.D.N.Y. 1995) ............................................................................................ 8

*Buck v. Myers*,
   244 F. App'x 193 (10th Cir. 2007) ........................................................................................... 7

*Cole v. New Mexico*,
   58 F. App'x 825 (10th Cir. 2003) ............................................................................................. 2

*Colo. River Water Conservation Dist. v. United States*,
   424 U.S. 800 (1976) .............................................................................................................. 1, 3

*D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*,
   705 F.3d 1223 (10th Cir. 2013) ................................................................................................ 9

*D.L. v. Unified Sch. Dist. No. 497*,
   392 F.3d 1223 (10th Cir. 2004) ............................................................................................ 4, 5

*Fort Belknap Indian Cmty. v. Mazurek*,
   43 F.3d 428 (9th Cir. 1994) ...................................................................................................... 8

*Fox v. Maulding*,
   16 F.3d 1079 (10th Cir. 1994) .............................................................................................. 4, 5

*French v. Mattheyer*,
   No. CIV-09-0015-F, 2010 WL 11606970 (W.D. Okla. Jan. 27, 2010) ..................................... 4

*Gartrell Const., Inc. v. Aubry*,
   940 F.2d 437 (9th Cir. 1991) .................................................................................................... 7

*Graff v. Aberdeen Enterprizes, II, Inc.*,
   65 F.4th 500 (10th Cir. 2023) ............................................................................................... 1, 6

*Hardeman v. City of Albuquerque*,
   377 F.3d 1106 (10th Cir. 2004) ................................................................................................ 2

*Joseph ex rel. Wolfe v. Ingram*,
  275 F.3d 1253 (10th Cir. 2002) .......................................................................... 8

*Kane Cnty. v. United States*,
  928 F.3d 877 (10th Cir. 2019) ............................................................................ 2

*Martin v. Duffie*,
  463 F.2d 464 (10th Cir. 1972) ............................................................................ 9

*Mayotte v. U.S. Bank Nat'l Ass'n*,
  880 F.3d 1169 (10th Cir. 2018) .......................................................................... 4

*McGirt v. Oklahoma*,
  140 S. Ct. 2452 (2020) ........................................................................................ 7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr.*,
  460 U.S. 1 (1983) ............................................................................................ 4, 8

*Mulford v. Altria Grp., Inc.*,
  242 F.R.D. 615 (D.N.M. 2007) .......................................................................... 3

*Oklahoma v. Castro-Huerta*,
  597 U.S. 629 (2022) ........................................................................................ 8, 9

*Okla. Tax Comm'n v. Sac & Fox Nation*,
  508 U.S. 114 (1993) ............................................................................................ 7

*Requena v. Roberts*,
  893 F.3d 1195 (10th Cir. 2018) .......................................................................... 5

*Robinson v. Stovall*,
  646 F.2d 1087 (5th Cir. 1981) ............................................................................ 5

*Seneca–Cayuga Tribe v. Oklahoma ex rel. Thompson*,
  874 F.2d 709 (10th Cir. 1989) .................................................................... 1, 8, 9

*State Farm Fire & Cas. Co. v. Mhoon*,
  31 F.3d 979 (10th Cir. 1994) .............................................................................. 4

*Stitt v. City of Tulsa*,
  No. M-2022-984 (Okla. Crim. App.) .................................................................. 4

*Sycuan Band of Mission Indians v. Roache*,
  54 F.3d 535 (9th Cir.1994) ................................................................................. 8

*Tax Comm'n v. Sac & Fox Nation*,
   508 U.S. 114 (1993) ............................................................................................ 7

*United States v. Bd. of Cnty. Comm. of the Cnty. of Otero*,
   184 F. Supp. 3d 1097 (D.N.M. 2015) ............................................................ 5, 6

*United States v. City of Las Cruces*,
   289 F.3d 1170 (10th Cir. 2002) ........................................................................ 4

*United States v. Johnson*,
   732 F. App'x 638 (10th Cir. 2018) .................................................................... 2

*Utah Ass'n of Counties v. Clinton*,
   255 F.3d 1246 (10th Cir. 2001) ........................................................................ 5

*Ute Indian Tribe of the Uintah & Ouray Reservation v. Lawrence*,
   22 F.4th 892 (10th Cir. 2022) ........................................................................... 7

*Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah*,
   790 F.3d 1000 (10th Cir. 2015) ..................................................................... 8, 9

*Winn v. Cook*,
   945 F.3d 1253 (10th Cir. 2019) ........................................................................ 7

*Winnebago Tribe of Nebraska v. Stovall*,
   341 F.3d 1202 (10th Cir. 2003) ..................................................................... 6, 8

*Younger v. Harris*,
   401 U.S. 37 (1971) ............................................................................................ 3

R<small>ULES</small>

Fed. R. Civ. P. 24 ...................................................................................................... 1, 3, 10

## INTRODUCTION

The United States's Motion to Intervene ("Motion") satisfies each of the four elements considered in evaluating whether to grant intervention as of right under Fed. R. Civ. P. 24(a)(2), and its motion must therefore be granted. *See* ECF No. 39 at 9-18. Alternatively, the United States qualifies for permissive intervention under Fed. R. Civ. P. 24(b). *See id.* at 18-19. Defendants City of Tulsa and its Mayor, Chief of Police, and City Attorney (collectively, "Tulsa") offer nothing to rebut the United States' arguments in support of intervention. *See* ECF No. 43. In effect, by not responding to the United States' arguments in support of intervention, Tulsa has conceded that the United States meets the requirements for it.

Nevertheless, in rearguing its Motion to Dismiss (ECF No. 28), Tulsa proposes the remarkable: it asks this Court to abandon its "virtually unflagging obligation" to exercise its jurisdiction by dismissing this case and abstaining on questions of federal Indian law to wait and see how a state court may rule on similar issues. *See Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 522 (10th Cir. 2023) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). But abstention would be entirely improper here. Because the United States is not a party to any of the state court criminal proceedings cited by Tulsa, those proceedings do not provide an opportunity for the United States to litigate or fully protect its interests in the jurisdictional question at issue: whether Tulsa has criminal jurisdiction over Indians in Indian country despite Congress not authorizing Oklahoma or its political subdivisions to assert such jurisdiction. Nor will the United States or this Court be bound by any state court judgment deciding that issue. And where there are questions of federal Indian law to be decided, abstention is improper. *See, e.g., Seneca–Cayuga Tribe v. Oklahoma ex rel. Thompson,* 874 F.2d 709, 713-14 (10th Cir. 1989) (where a state seeks to enforce state laws in Indian country, federal

1

interests are paramount, and the state's interests are insufficient to warrant abstention). Because the United States has significant interests in this case, and because this Court is the better forum to resolve the question of federal Indian law at issue, the Court should grant the United States' Motion to Intervene (ECF No. 39) and deny Tulsa's Motion to Dismiss (ECF No. 28).

## ARGUMENT

### I. TULSA DID NOT RESPOND AND THEREFORE ACQUIESCED TO THE UNITED STATES' ARGUMENTS IN SUPPORT OF INTERVENTION

In the Tenth Circuit, "a nonparty seeking to intervene as of right must establish (1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties." *Kane Cnty. v. United States*, 928 F.3d 877, 889 (10th Cir. 2019). As set forth in the United States' Motion, each of these factors support the United States' intervention here: intervention is timely (*see* ECF No. 39 at 9-11); the United States has significant interests in the case (*see id.* at 11-17); its interests may be impaired without intervention (*see id.* at 17); and its interests are not represented by any existing parties (*see id.* at 17-18).

In response, Tulsa made no arguments to the contrary. Because Tulsa did not respond to the United States' arguments in support of intervention, it has waived any response it may have had. *See, e.g.*, *United States v. Johnson*, 732 F. App'x 638, 655 n.13 (10th Cir. 2018) (citation omitted) (when a party fails to respond to an argument, they "waive[], as a practical matter anyway," any non-obvious reasons for rejecting it); *Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1122 (10th Cir. 2004) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); *Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. 2003) (argument waived when not raised in initial response to motion to

2

dismiss).[1] In effect, Tulsa has conceded that the United States' intervention satisfies the requirements for intervention as of right under Fed. R. Civ. P. 24(a)(2) and, alternatively, for permissive intervention under Fed. R. Civ. P. 24(b).

## II. DISMISSAL WILL NOT RESOLVE THE UNITED STATES' SIGNIFICANT INTERESTS IN THE QUESTION OF FEDERAL INDIAN LAW PRESENTED IN THIS CASE

Instead of engaging with the United States' arguments in support of intervention, Tulsa responds by arguing that its Motion to Dismiss should be granted. But granting Tulsa's Motion to Dismiss would be improper for the reasons set forth in the United States' Motion (ECF No. 39), Plaintiff Muscogee (Creek) Nation's ("Nation") response to Tulsa's Motion to Dismiss (ECF No. 33), and for the reasons stated below. Namely, the United States is not a party to and will not be bound by a decision in any of the state court criminal proceedings Tulsa cites to. Dismissing this case would thus leave the United States without a forum in which it could fully litigate and protect its interests in the important question of federal Indian law at issue. Relatedly, since the central issue in this case is a federal Indian law question, this Court, not the state court, is the better forum to finally resolve this conflict.

### A. The United States is not a party to the state court proceedings; that alone makes dismissal of this case improper.

In response to the United States' Motion, Tulsa argues that this case should be dismissed based on the doctrines enunciated in *Younger v. Harris*, 401 U.S. 37 (1971), and *Colo. River Water Conservation Dist.*, 424 U.S. 800. However, neither doctrine applies here.[2]

---

[1] *See also Allen v. Worldwide Flight Servs.*, No. CIV-20-971-SLP, 2021 WL 1821718, at *4 n.5 (W.D. Okla. Jan. 12, 2021) (deeming an argument waived where the party "fail[ed] to present a developed argument" on the issue); *Mulford v. Altria Grp., Inc.*, 242 F.R.D. 615, 622 n.5 (D.N.M. 2007) ("Failure to respond to an argument is generally deemed an acquiescence.").
[2] In its Motion to Dismiss, Tulsa also argues that this case should be dismissed pursuant to the *Rooker-Feldman* doctrine. ECF No. 28 at 21-22. The *Rooker-Feldman* doctrine is inapplicable here because this case does not seek to retroactively overturn a final state judgment or

3

*Younger* abstention generally does not apply where the parties differ in the federal and state court cases. *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1230 (10th Cir. 2004). It is proper for a federal court to exercise its jurisdiction "over the claim of a genuine stranger to an ongoing state proceeding even though a federal decision clearly could influence the state proceeding by resolving legal issues identical to those raised in state court[.]" *Id.*; *see also French v. Mattheyer*, No. CIV-09-0015-F, 2010 WL 11606970, at *5 (W.D. Okla. Jan. 27, 2010) (refusing to apply *Younger* where federal plaintiff's claims did not "derive from" state court defendant's claims and federal plaintiff was not the "alter ego" of state court defendant). Similarly, the *Colorado River* doctrine only applies where the federal and state court cases are "parallel," or where "substantially the same parties litigate substantially the same issues in different forums." *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994) (citation omitted). "[T]o grant a stay or dismissal under the *Colorado River* doctrine would be 'a serious abuse of discretion' unless 'the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues *between the parties*[.]'" *Id*. at 1081 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 28 (1983)) (emphasis added). The federal court should "have nothing further to do in resolving any substantive part of the case[.]" *Maulding*, 16 F.3d at 1082.

---

conviction. *See Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1174 (10th Cir. 2018). Tulsa argues in the alternative that the Court should stay this case pending resolution of *Stitt v. City of Tulsa*, No. M-2022-984 (Okla. Crim. App.)*,* citing to *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982-83 (10th Cir. 1994). ECF No. 28 at 27-28. *Mhoon* is also inapplicable. There, the Tenth Circuit explained that a "district court is not obligated to entertain every justiciable declaratory claim brought before it." *Mhoon*, 31 F.3d at 982. But the framework applied in that case does not apply where a party requests "coercive relief," such as an injunction. *United States v. City of Las Cruces*, 289 F.3d 1170, 1181 (10th Cir. 2002). Both the Nation's Complaint (ECF No. 1) and the United States' Proposed Complaint (ECF No. 39-1) request an injunction, and the Nation has filed a Motion for Preliminary Injunction (ECF No. 9). Therefore, the *Mhoon* framework does not apply, and Tulsa's request for a stay should be rejected.

4

Tulsa's Motion to Dismiss should be denied because, like the Nation, the United States is not a party to any of the state court proceedings cited by Tulsa.[3] *E.g., D.L.*, 392 F.3d at 1230; *Maulding*, 16 F.3d at 1081. The United States will not be bound by a final decision in any of the state court criminal proceedings, *see Requena v. Roberts*, 893 F.3d 1195, 1209 n.7 (10th Cir. 2018), and thus those proceedings will not offer "complete and prompt resolution of the issues between the parties[,]" *see Maulding*, 16 F.3d at 1081. Dismissing this case would merely delay the necessary: a case where the United States, the Nation, and Tulsa can all litigate and be bound by a final judgment from a court with proper jurisdiction. *See Hooper v. City of Tulsa*, No. 21-cv-165-WPJ-JFJ, Order of Dismissal at 2 n.2 (N.D. Okla. Dec. 15, 2023) (pointing to this case as the "proper venue" for Tulsa to litigate these issues). This federal case should therefore move forward, and with the United States as a party.

Tulsa, attempting to overcome this fatal flaw in its abstention-based arguments, points to the United States' participation as amicus curia in one of the state court criminal proceedings. ECF No. 43 at 3-4. But for abstention to be proper, the federal and state court cases must include the same *parties*—that is, those who can fully litigate in a case and will be bound by the judgment. An amicus curia is not a party to a case, has no control over it, and cannot file any pleadings or motions in it. *United States v. Bd. of Cnty. Comm. of the Cnty. of Otero*, 184 F. Supp. 3d 1097, 1117 (D.N.M. 2015). And an amicus curia cannot introduce issues or seek relief

---

[3] Nor is a party to those state court criminal proceedings an "alter ego" of the United States. The United States' interests as a prosecuting sovereign in Indian country, and of a sovereign with a government-to-government relationship with the Nation, are distinct from and transcend any single defendant in a state court criminal proceeding. *See Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1255 (10th Cir. 2001) (government's role as litigant differs from a private party's particular interests). Although the United States may share a "common interest in the outcome of the federal litigation" with certain parties in the state court cases, that general overlap in interest and "common effort in pressing it" is not enough to necessitate abstention. *See D.L.*, 392 F.3d at 1230 (quoting *Robinson v. Stovall,* 646 F.2d 1087, 1091 (5th Cir. 1981)).

that is not raised or requested by the parties. *Id.* (citing *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1145 n.2 (10th Cir. 2000)). Because the United States is not a party to any of the ongoing state court criminal proceedings, dismissing this case would be wholly improper.

Finally, Tulsa's argument that the state court criminal proceedings could *eventually* bind the United States through appeal to the United States Supreme Court is of no moment. ECF No. 43 at 9. There is no guarantee that the parties in the state court criminal proceedings would petition for a writ of certiorari in the Supreme Court, and the United States would not be able to do so itself as amicus curia. In any event, the Supreme Court is not required to take every petition. Tulsa's reasoning would swallow the abstention rule, forcing parties in federal court to wait for a stranger's state court case to potentially be decided by the United States Supreme Court. Such hypothetical future events should not interfere with this Court's "virtually unflagging obligation" to exercise its jurisdiction. *Graff*, 65 F.4th at 522. Therefore, the Court should grant the United States' Motion and allow this case to move forward.

### B. This Court is the better forum to litigate these federal questions of criminal jurisdiction.

Tulsa's Motion to Dismiss should also be denied because the state court prosecutions cited by Tulsa are "based on allegations that assume the state can apply its law to these parties." *Winnebago Tribe of Nebraska v. Stovall*, 341 F.3d 1202, 1205 (10th Cir. 2003). While Tulsa initiated those criminal prosecutions assuming it had jurisdiction to apply its criminal laws to Indians in Indian country, the federal question of whether Tulsa has that jurisdiction is "antecedent to the state prosecutions." *Id*. at 1205. And the answer to that federal question is apparent: as explained in the United States' Motion, ECF No. 39 at 11-13, absent congressional authorization, states and their political subdivisions lack criminal jurisdiction over Indians in

Indian country. *McGirt v. Oklahoma*, 140 S. Ct. 2452, 2476-77 (2020); *Ute Indian Tribe of the Uintah & Ouray Reservation v. Lawrence*, 22 F.4th 892, 900 (10th Cir. 2022). Congress has not authorized Oklahoma or its political subdivisions to exercise criminal jurisdiction over Indians in Indian country. *See, e.g.*, *Okla. Tax Comm'n v. Sac & Fox Nation*, 508 U.S. 114, 125 (1993).

Yet Tulsa has assumed prosecutorial authority over Indians in Indian country, leaving jurisdictional defects to be resolved by defenses asserted by individual tribal members in state court. Since Tulsa clearly does not have this prosecutorial authority, abstaining to the state prosecutions would be improper. *Lawrence*, 22 F.4th at 908, n.17 (holding that state court lacked jurisdiction over lawsuit brought against a tribe and which arose in Indian country, and thus abstention would be improper); *Gartrell Const., Inc. v. Aubry,* 940 F.2d 437, 441 (9th Cir. 1991) (*Younger* abstention is not appropriate where state law is preempted by federal law and preemption is readily apparent). In other words, this Court should not turn a blind eye to Tulsa asserting prosecutorial authority despite clear precedent to the contrary, hauling tribal members into an improper forum based on that assertion, and forcing those individual tribal members to argue that forum is improper. Nor should the United States and the Nation be left to search state court dockets for improper prosecutions of tribal members by Tulsa, just to participate as amicus curiae and not actual parties who can fully litigate and protect their interests.

Additionally, any purported state interests implicated in this litigation are insufficient to warrant abstention, particularly considering the important federal interests at issue. *See Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (*Younger* requires that the "state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies"). While a state has an "important interest in its criminal proceedings," *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007), the question of

whether Tulsa has jurisdiction to prosecute Indians in Indian country is a federal one that largely implicates federal, not state, interests, *e.g.*, *Stovall*, 341 F.3d at 1204-05; *Moses H. Cone*, 460 U.S. at 26 ("the presence of federal-law issues must always be a major consideration weighing against surrender"). Where "states seek to enforce state law against Indians in Indian country '[t]he presumption and the reality . . . are that federal law, federal policy, and federal authority are paramount' and the state's interests are insufficient 'to warrant *Younger* abstention.'" *Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah*, 790 F.3d 1000, 1008-9 (10th Cir. 2015) (quoting *Seneca–Cayuga Tribe,* 874 F.2d at 713-14).[4] Any interests that Tulsa purports to have in the state court criminal proceedings are therefore insufficient to warrant abstention, and instead the federal interests laid out in the United States' Motion predominate. The Court should not yield to the state court on these important issues of federal Indian law.

Tulsa tries to make the most of the state courts' recent "pronouncements" on, and the potential for future state court decisions regarding, *Oklahoma v. Castro-Huerta*, 597 U.S. 629 (2022). ECF No. 43 at 2, 6. But the state courts' opining on federal law offers Tulsa's dismissal arguments no help. First, the mere presence of a parallel state court case does not require dismissal of the federal case. *Joseph ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1268 (10th Cir.

---

[4] *See also Sycuan Band of Mission Indians v. Roache*, 54 F.3d 535 (9th Cir.1994) (finding *Younger* abstention inappropriate where threshold issue was whether state had jurisdiction to prosecute Indians pursuant to state gaming laws); *Fort Belknap Indian Cmty. v. Mazurek*, 43 F.3d 428, 432 (9th Cir. 1994) ("The state undoubtedly has an interest in enforcing its liquor laws, but only if federal law gives it jurisdiction to do so for violations that occur on an Indian reservation. Because the jurisdictional question is paramount and federal, *Younger* abstention would not be appropriate here."); *Bowen v. Doyle*, 880 F. Supp. 99, 132 n.44 (W.D.N.Y. 1995), *aff'd* 230 F.3d 525 (2d Cir. 2000) ("[T]he threshold question at issue here is whether federal law bars the State Court from exercising jurisdiction over the controversy. If so, then there is no authority for the State Court to proceed in the case. As established by the Ninth and Tenth Circuits in *Fort Belknap* and *Seneca-Cayuga*, this is a question of federal Indian law which must be resolved in the federal courts first.").

8

2002); *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013) ("'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction'") (citations omitted). Second, not only will the United States not be bound by a decision in any of the state court criminal proceedings, neither will this Court be bound by a state court decision on an issue of federal law. *Martin v. Duffie*, 463 F.2d 464, 468 (10th Cir. 1972). The need for and existence of this federal case even after the Oklahoma Court of Criminal Appeals has made "pronouncements" on these issues proves that point. *See* ECF No. 43 at 6-7. And third, Tulsa assumes that the state court criminal cases will be the first to rule on *how Castro-Huerta* governs the analysis of state criminal jurisdiction over Indians in Indian country. *Id*. at 2, 6-8. But the federal question that needs to be answered at the outset is *whether Castro-Huerta* controls the analysis of state criminal jurisdiction over Indians in Indian country. It does not. *Castro-Huerta*, 597 U.S. at 693 (Gorsuch, J., dissenting) ("[M]ost significantly, the Court leaves undisturbed the ancient rule that States cannot prosecute crimes by Native Americans on tribal lands without clear congressional authorization[.]"). That antecedent question should be decided by a federal court since, post-*Castro-Huerta*, federal law still controls questions of criminal jurisdiction in Indian country; whether *Castro-Huerta* applies or not, federal law and interests still predominate. *See Ute Tribe*, 790 F.3d at 1008; *Seneca-Cayuga*, 874 F.2d at 714 (declining to abstain under *Younger* where the "threshold question" was whether the state had authority to regulate in Indian country). Tulsa's self-serving framing of the issues as "unsettled" does not change that.

In sum, there is no reason for this court to wait and see how the state courts rule on similar issues of federal Indian law. With Tulsa's continued efforts to prosecute Indians in Indian country, it is unclear to what end Tulsa expects this Court to abstain as Tulsa continues to

generate multiple state court criminal proceedings by prosecuting Indians in Indian country without congressional authorization.[5] In fact, a decision from this Court, which would be binding on the United States, the Nation, and Tulsa, is the solution to the problem Tulsa has created.

## CONCLUSION

For the forgoing reasons, the United States respectfully requests that the Court grant it leave to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2) or, in the alternative, allow permissive intervention pursuant to Fed. R. Civ. P. 24(b).

---

[5] For these reasons, the Court should grant the Nation's Motion for a Preliminary Injunction, ECF No. 9.

DATED: June 17, 2024                    Respectfully submitted,

                                                                     TODD KIM, Assistant Attorney General
                                                                     Environment & Natural Resources Division

                                                                     */s/ Hillary Hoffman*
                                                                     HILLARY HOFFMAN, Trial Attorney
                                                                     CODY MCBRIDE, Trial Attorney
                                                                     United States Department of Justice
                                                                     Environment & Natural Resources Division
                                                                     Indian Resources Section
                                                                     P.O. Box 7611, Ben Franklin Station
                                                                     Washington, D.C. 20044
                                                                     Tel.: (202) 598-3147 (Hoffman)
                                                                     Tel.: (202) 514-6755 (McBride)
                                                                     Fax: (202) 353-1156
                                                                     hillary.hoffman@usdoj.gov
                                                                     cody.mcbride@usdoj.gov

OF COUNSEL:

JOEL WEST WILLIAMS, Deputy Solicitor for Indian Affairs
CONOR CLEARY, Field Solicitor, Tulsa Field Solicitor's Office
United States Department of the Interior
Office of the Solicitor

                                                                     *Attorneys for United States of America*

## CERTIFICATE OF SERVICE

      I certify that on June 17, 2024, I electronically filed this document with the Clerk of the Court by using the CM/ECF system, which will serve and send a notice of electronic filing to all parties or their counsel of record.

                                                  */s/ Hillary Hoffman*
                                               HILLARY HOFFMAN, Trial Attorney