UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MUSCOGEE (CREEK) NATION, a federally recognized Indian Tribe, *Plaintiff*, v. CITY OF TULSA; G.T. BYNUM, in his official capacity as Mayor of City of Tulsa; WENDELL FRANKLIN, in his official capacity as Chief of Police, Tulsa Police Department; and JACK BLAIR, in his official capacity as City Attorney for City of Tulsa, *Defendants*. | Case No. 23-cv-490-JDR-SH |

**MUSCOGEE (CREEK) NATION'S COMBINED RESPONSE TO INDIVIDUAL MOVANTS' MOTIONS TO INTERVENE**

## INTRODUCTION

In *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), the Supreme Court affirmed that the Reservation of the Muscogee (Creek) Nation ("Nation") has never been disestablished and is accordingly governed by the bedrock rule that states and their political subdivisions lack criminal jurisdiction over Indians within the Reservation absent the assent of Congress.

Nevertheless, and despite the Tenth Circuit's decision in *Hooper v. City of Tulsa*, 71 F.4th 1270 (10th Cir. 2023), which affirmed *McGirt*'s applicability to Tulsa's assertions of criminal jurisdiction over Indians within the Reservation, Tulsa has continued to assert criminal jurisdiction over Indians in the absence of congressional authorization. The Nation filed this action to put an end to Tulsa's unlawful assertions of authority and to vindicate its sovereignty, and the United States seeks intervention to fulfill its legal obligations to protect the Nation's sovereignty as well as to vindicate its own sovereign interests, *see* United States' Mot. to Intervene (Dkt. 39) at 1–2 (describing United States' interests in defending the Nation's sovereignty and its own independent interests in "defending Congress's plenary and exclusive authority over Indian affairs … and maintaining the United States' own jurisdiction, authorized by Congress, to address certain crimes committed by Indians in Indian country"); *see also Murphy v. Royal*, 875 F.3d 896, 914 (10th Cir. 2017) (stating that Indian reservations are "lands which Congress has set apart for tribal and federal jurisdiction" (quotation marks omitted)), *aff'd sub nom. Sharp v. Murphy*, 140 S. Ct. 2412 (2020).

Various incarcerated individuals ("Movants") have now filed pro se motions to intervene, claiming an interest in this Court's resolution of the jurisdictional question raised by the Nation's complaint. *See* Mots. to Intervene (Dkts. 44, 45, 50, 54, 55, 57, 61, 63, 65, 69, 79, 86). Tulsa has asked the Court to dismiss these motions or defer consideration of them pending resolution of its

1

December 8, 2023 motion to dismiss this action on abstention grounds, Defs.' Joint Mot. to Dismiss (Dkt. 28). *See* Tulsa's Resps. to Mots. to Intervene (Dkts. 48, 49, 58, 59, 60, 81, 82, 83, 84, 90, 91, 92). For the reasons stated in the Nation's response to Tulsa's abstention motion, Pl.'s Resp. to Defs.' Joint Mot. to Dismiss (Dkt. 33), abstention is not warranted in this case. Accordingly, no reason exists to defer consideration of the instant motions to intervene. To avoid burdening the Court with multiple duplicative filings, and because the Movants' motions to intervene share common flaws, the Nation submits this omnibus response. Barring substantive differences in any subsequently filed motions by incarcerated individuals, the Nation intends this response to apply to them as well.

**ARGUMENT**

**I.      The Movants Are Not Entitled to Mandatory Intervention.**

The Movants, and any other individual criminal defendant who may hereafter seek to intervene in this case to challenge a conviction (or the collateral consequences of a conviction) on jurisdictional grounds, cannot meet the standard for mandatory intervention under Federal Rule of Civil Procedure 24(a). Tenth Circuit precedent forecloses such intervention where the proposed intervenors have no cognizable interest that can be impaired by the litigation or where proposed intervenors are adequately represented by existing parties. Both barriers apply here.

**A.      The Standard for Mandatory Intervention Under Rule 24(a)**

Under Rule 24(a), intervention is required where the movant establishes that: "(1) the application is timely; (2) it claims an interest relating to the property or transaction which is the subject of the action; (3) the interest may as a practical matter be impaired or impeded; and (4) the interest may not be adequately represented by existing parties." *Kane Cty. v. United States*, 928 F.3d 877, 889 (10th Cir. 2019). Failure to establish any of these factors dooms a motion to

intervene as of right. *See id.* (stating that movant "must establish" all four factors). All but one Movant fails to meet the third factor, and no Movant can establish the fourth.

      **B.    With One Exception, All Movants Lack an Interest that Can Be Impaired in This Case.**

To date, all Movants except one claim an interest in this case arising from state convictions finalized before the Supreme Court's ruling in *McGirt*.[1] Following *McGirt*, the Oklahoma Court of Criminal Appeals held "that *McGirt* and our post-*McGirt* reservation rulings shall not apply retroactively to void a final state conviction[.]" *State ex rel. Matloff v. Wallace*, 497 P.3d 686, 694 (Okla. Crim. App. 2021). The Supreme Court denied a writ of certiorari. *Par. v. Oklahoma*, 142 S. Ct. 757 (2022). *Matloff* thus precludes the application of *McGirt* to overturn those Movants' convictions. *See, e.g.*, *United States v. Webb*, No. 22-7053, 2023 WL 4783378, at *1 (10th Cir. July 27, 2023) ("*Matloff* foreclosed the possibility of an Oklahoma court vacating Mr. Webb's [pre-*McGirt*] conviction on *McGirt* grounds."); *Mitchell v. Nunn*, 601 F. Supp. 3d 1076, 1083 (N.D. Okla. 2022) (stating that *McGirt* "opened a window" for postconviction relief on Indian-country jurisdictional claims and that *Matloff* "closed that window" for pre-*McGirt* convictions). As a matter of law, then, Movants seeking to challenge pre-*McGirt* convictions—or the collateral consequences of such convictions for matters including voting rights, *see, e.g.*, Mots. to Intervene (Dkts. 55, 69)—possess no cognizable interest that can be impaired or impeded by this action and accordingly fail the test for intervention as of right.

---

[1] One motion involves a post-*McGirt* conviction. *See* Mot. to Intervene (Dkt. 50).

### C. The Movants Are Adequately Represented by The Nation.

Additionally, no Movant—including the one with a post-*McGirt* conviction, *see supra* n.1—is entitled to intervene in this matter because the Movants' asserted interests are adequately represented by the Nation (and by the United States should this Court grant its well-founded motion to intervene, *see* Dkt. 39). The Nation and the United States contend that neither Oklahoma nor its political subdivisions possess criminal jurisdiction over Indians within Indian country and that such jurisdiction is instead reserved to the Nation and the United States. *See id*. Ex. 1; Pl.'s Mot. for Prelim. Inj. (Dkt. 9). While the Movants do not spell out their arguments, that is the very contention they will need to make to advance in any way their own interests. But where a government party and a proposed intervenor seek the same objective, courts "presume representation is adequate." *Tri-State Generation and Transmission Ass'n, Inc. v. N.M. Pub. Regulation Comm'n*, 787 F.3d 1068, 1072 (10th Cir. 2015); *see also Pub. Serv. Co. of N.M. v. Barboan*, 857 F.3d 1101, 1113–14 (10th Cir. 2017) ("When the applicant and an existing party share an identical legal objective, we presume that the party's representation is adequate."); *City of Stilwell v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996) (upholding denial of intervention where the movant's "objective [was] identical" to an existing party's).

To overcome the presumption of adequate representation, the Movants would need to make "a concrete showing of circumstances … that … [the existing party's] representation [is] inadequate," *id*. at 1043 (first ellipsis and first brackets in original) (quotation marks omitted), which "include a showing that there is collusion between the representative and an opposing party, that the representative has an interest adverse to the applicant, or that the representative failed to represent the applicant's interest," *Tri-State Generation*, 787 F.3d at 1073 (quotation marks omitted). The Movants have not attempted—and would not be able—to make any such

4

showing. And "there is no reason to think" that the Nation and the United States "will not vigorously argue in favor" of the jurisdictional position taken by the Movants, *id*. at 1074. Indeed, the Nation has staunchly opposed Tulsa's arguments in support of state and/or municipal criminal jurisdiction over all Indians in Indian country not only in this case but in *McGirt*, *Murphy*, and *Hooper*, as well as in numerous cases in the Oklahoma Court of Criminal Appeals.[2]

To be sure, the presumption of adequate representation in cases involving a government party can sometimes be overcome based on the recognition that, "[i]n litigating on behalf of the general public, the government is obligated to consider a broad spectrum of views, many of which may conflict with the particular interest of the would-be intervenor." *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1256 (10th Cir. 2001). But this is not such a case. There is and will be no conflict between the arguments pressed by the Nation and those of the Movants because this case turns on a binary jurisdictional issue—i.e., whether Oklahoma and its subdivisions possess criminal jurisdiction over Indians in Indian country, or not—and the aligned government party is advancing the same jurisdictional position taken by the Movants. In such "binary" jurisdictional disputes, the presumption of adequate representation adheres because such disputes do not require the government party to "account for a broad spectrum of interests that may or may not

---

[2] *See, e.g.*, Brief for Amicus Curiae Muscogee (Creek) Nation in Support of Petitioner, *McGirt* (No. 18-9526), 2020 WL 774430; Brief Amicus Curiae of the Muscogee (Creek) Nation and the Seminole Nation of Oklahoma, *Murphy* (Nos. 07-7068 & 15-7041), 2016 WL 11295447; Brief of Amicus Curiae Muscogee (Creek) Nation in Support of Appellant Seeking Reversal, *Hooper* (No. 22-5034), 2022 WL 2717089; Brief of Amici Curiae Muscogee (Creek) Nation and Seminole Nation of Oklahoma, *Stitt v. City of Tulsa*, Appeal Case No. M-2022-984 (Okla. Crim. App. May 31, 2023); Brief of Amicus Curiae Muscogee (Creek) Nation, *City of Tulsa v. O'Brien*, Case No. S-2023-715 (Okla. Crim. App. Mar. 18, 2024); Brief of Amici Curiae Muscogee (Creek) Nation and Seminole Nation of Oklahoma, *Oklahoma v. Hull*, Appeal Case No. S-2021-110 (Okla. Crim. App. Jan. 18, 2023). This case, then, is the opposite of a situation where the government party's "silence on any intent to defend the [intervenors'] special interests is deafening." *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1256 (10th Cir. 2001) (brackets in original) (quotation marks omitted)).

be coextensive with the intervenor's particular interest." *Tri-State Generation*, 787 F.3d at 1073 (quotation marks omitted). The question here is simply whether Oklahoma and its political subdivisions may prosecute *any* Indian for conduct occurring within Indian country—and the Nation has been emphatic that they may not. The Nation's alignment with the interests of the Movants on this binary jurisdictional question could not be more complete, certain, or unqualified by other public interests.

Under these circumstances, the Movants cannot overcome the presumption of adequate representation, and they accordingly cannot satisfy the test for mandatory intervention under Rule 24(a)(2).

## II. The Movants Should Not Be Granted Permissive Intervention.

Nor do the Movants' motions weigh in favor of permissive intervention under Rule 24(b). The Movants are adequately represented by an existing party, and their intervention would result in undue delay and prejudice to the Nation.

### A. Standard for Permissive Intervention Under Rule 24(b)

Permissive intervention under Rule 24(b) requires a timely motion and a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B). In exercising its discretion under Rule 24(b), "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Rule 24(b)(3). Additionally, courts may deny permissive intervention where the intervenor's interests are adequately represented by an existing party. *See Tri-State Generation*, 787 F.3d at 1075 (stating same and citing *City of Stilwell*, 79 F.3d at 1043 (affirming denial of permissive intervention based on adequate representation)). These considerations counsel heavily against permissive intervention here.

### B.   The Movants Are Adequately Represented.

As addressed above, *supra* p. 4–6, the Movants' interests are adequately represented by the Nation. The Nation has strenuously and consistently opposed the criminal jurisdiction of Oklahoma and its subdivisions over any Indian in Indian country, which opposition subsumes completely the objectives of the individual Movants. Because the Movants' interests are adequately represented, permissive intervention should be denied. *See Tri-State Generation*, 787 F.3d at 1075.

### C.   Movants' Intervention Would Cause Undue Delay and Prejudice to the Nation.

Since June 3, 2024, twelve pro se motions to intervene have been filed by individuals seeking to overturn their convictions. *See* Dkts. 44, 45, 50, 54, 55, 57, 61, 63, 65, 69, 79, and 86. Granting these Movants' intervention (to say nothing of the potentially numerous other individual Indians who may likewise seek intervention in this case if the pending motions are granted) would trigger rounds of additional briefing and possibly fact-finding that could prolong this Court's resolution of the case for months or more.

Such delay is unwarranted and would deeply prejudice the Nation. The Nation has premised its motion for a preliminary injunction in part on the urgency of its requested relief. Tulsa continues to ticket and prosecute scores of Nation citizens. *See* Dkt. 9 at 4–6. If the Nation's (and the United States') jurisdictional position is correct, then the Nation is presently suffering "significant interference" to its sovereignty, a harm the Tenth Circuit has described as "irreparable" and as warranting preliminary injunctive relief, *Ute Indian Tribe of the Uintah and Ouray Reservation v. Utah*, 790 F.3d 1000, 1005–06 (10th Cir. 2015). And it has described the cessation of such irreparable harm as a "paramount federal policy[.]" *Id*. at 1007 (quotation

marks omitted). If the Movants are granted permissive intervention, then every day by which their participation extends these proceedings will compound and prolong the ongoing irreparable harm to the Nation. Such an outcome is particularly unwarranted where the Movants' participation will add nothing to the substantive questions faced by the Court. It would instead cause "precisely the sort of undue delay and prejudice that Rule 24(b) prohibits." *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990); *see Arney v. Finney*, 967 F.2d 418, 421 (10th Cir. 1992) (upholding denial of pro se proposed intervenor's permissive intervention motion because it "would only clutter the action unnecessarily").

## CONCLUSION

The Nation respectfully requests that the Motions to Intervene be denied.

Dated: July 5, 2024

Respectfully submitted,

/s/ *Riyaz A. Kanji*

| | |
|---|---|
| Geraldine Wisner, OBA No. 20128<br>Attorney General<br>MUSCOGEE (CREEK) NATION<br>P.O. Box 580<br>Okmulgee, OK 74447<br>(918) 295-9720<br>gwisner@mcnag.com | Riyaz A. Kanji<br>David A. Giampetroni<br>Philip H. Tinker<br>KANJI & KATZEN, P.L.L.C.<br>P.O. Box 3971<br>Ann Arbor, MI 48106<br>(734) 769-5400<br>rkanji@kanjikatzen.com<br>dgiampetroni@kanjikatzen.com |
| O. Joseph Williams, OBA No. 19256<br>O. JOSEPH WILLIAMS LAW OFFICE, PLLC<br>The McCulloch Building<br>114 N. Grand Avenue, Suite 520<br>P.O. Box 1131<br>Okmulgee, OK 74447<br>(918) 752-0020<br>jwilliams@williamslaw-pllc.com | ptinker@kanjikatzen.com<br><br>Stephanie R. Rush, OBA No. 34017<br>KANJI & KATZEN, P.L.L.C.<br>P.O. Box 2579<br>Sapulpa, OK 74067<br>(206) 486-8211<br>vrush@kanjikatzen.com |

*Counsel for Muscogee (Creek) Nation*

8

## CERTIFICATE OF SERVICE

      I certify that on July 5, 2024, this document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

                                                    /s/ *Riyaz A. Kanji*
                                                    Riyaz A. Kanji