FILED
MAR 31 2025
Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

In the United States District Court for
The Northern District of Oklahoma

Muscogee (Creek) Nation,

Plaintiff

vs.

Citiy of Tulsa, et al.,

Defendants

Case # 23 - CV - 490 - JDR - CDL

## MOVANT'S OPPOSITION TO J. KEVIN STITT'S, Muscogee (Creek) Indian Freedmenband MOTION TO INTERVENE

COMES NOW, MOVANT/Intervenor Brian Tyrone Scott and states the following:

1. Mr. Stitt is not entitled to mandatory intervention under Fed. R. Civ. P. 24(a)(2), on a timely motion, the court must permit anyone to intervene who... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect it's interest, unless existing parties adequately represent that interest.

2. Mr. Stitt has not alleged that he has an unconditional right to intervene by a federal statute, see Fed. R. Civ. P. 24(a), and there are no property or transaction interests specific to Mr. Stitt as of right. Further, "a nonparty seeking to intervene as of right must establish

1

(1) timeliness; (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties." Kane Cnty. v. United States, 928 F.3d 877, 889 (10th Cir. 2019). Movant must satisfy all these factors for his Motion to Intervene to be granted. Id.

(1) Mr. Stitt's motion is untimely and would unfairly prejudice the parties.

It is inappropriate to allow a new party to intervene this late in the game (settlement negotiations have already been announced). Intervention now would "unduly prejudice" the rights of all parties who have expended immense time and resources to complete fact discovery, briefing, and even certain pretrial filings in this case. Gaedeke Holdings, 2013 WL 2532501 at *4 (stating intervention would be prejudicial because "the parties have engaged in a substantial amount of discovery [] and the court has issued a scheduling order.

(2) Mr. Stitt thru the State of Oklahoma has no Authority over an Indian in Indian Country. See, Hooper v. City of Tulsa, 71 F.4th 1270 (10th Cir., June 28, 2023). Thus, there are no property or transaction interests specific to Mr. Stitt that are at stake in this litigation that would permit him to pursue intervention as of right.

Page 2

(3) Mr. Stitt's Potential impairment of interest of The Original parties.

Any intervention at this stage of the case would "unduly delay or prejudice the adjudication of the original parties' rights." See Fed. R. Civ. P. 24(b); see also Gaedeke Holdings VII, Ltd. v. Mills, 2013 WL 2532501, at *4 (W.D. Okla. June 10, 2013)(denying intervention because it "would unduly delay and prejudice the original parties.").

(4) Any Interest Mr. Stitt Potentially has is Adequately Represented.

Mr. Stitt's Motion to Intervene should also be denied because any general interest he may have in the issue to be litigated in this action (in the filing made on his behalf as governor Stitt claims that the State of Oklahoma still retains the right to issue citations to tribal members, despite the U.S. Supreme Court's 2020 McGirt decision), is adequately represented by The City of Tulsa. On that issue, Mr. Stitt's objective is presumably the same as the City of Tulsa's objective. And where the objective of a government party and a municipal city government are "identical," courts "presume representation is adequate," even if the proposed intervenor "may have different 'ultimate motivation[s]'" Tri-State Generation and Transmission Ass'n v. N.M. Pub. Reg. Comm'n, 787 F.3d 1068, 1072-73 (10th Cir. 2015); see Pub. Serv. Co. of N.M. v. Barboan, 857 F.3d 1101, 1113-14 (10th Cir. 2017); and City of Stilwell

Page 3

v. Ozarks Rural Elec. Coop. Corp., 79 F.3d 1038, 1042 (10th Cir. 1996).

3. The Muscogee (Creek) Indian Freedmen Band was removed from The Muscogee (Creek) Nation's constitution Art. III Sec. 2. on Aug. 17, 1979, and approved by the Acting Deputy Commissioner of Indian Affairs. In Roff v. Burney, 168 U.S. at 222, 18 S.Ct. 60 (Nov. 29, 1897), "The Chickasaw Tribe may define their own 'membership'.", and Williams v. Cover, 490 F.3d 785 (9th Cir., June 20, 2007), "The tribe may narrow its own membership." Id.

4. The Freedmen must have Indian blood quantum documented, "Freedmen citizenship will not be accepted." Barkus v. State, 2024 WL 3982457 O.C.C.A. (Aug 29, 2024)

In short Mr. Stitt and The Muscogee (Creek) Indian Freedmen Bands' Intervention is simply not warranted. This Court should deny the motion for intervention.

Respectfully Submitted,

Brian J. Scott

JCCC   Unit 1-16
216 North Murray Street
Helena, Oklahoma 73741

-10/7

*Pro Se Litigant's Certificate of Service*

[✓] I hereby certify that on (date) March 27, 2025, I filed the attached document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

[ ] I hereby certify that on (date) _____, I filed the attached document with the Clerk of Court and served the attached document by (service method) _____ on the following, who are not registered participants of the Electronic Case Filing System: (insert names and addresses)

_Brian J. Seale_
Signature

## CERTIFICATE OF MAILING

I hereby certify that on this __27__ day of __March__, 20__25__, a true and correct copy of the above and forgoing __Movant's opposition to Stitt & Freeman__ was placed in the U.S. Mail with sufficient postage attached and addressed as follows:

Northern District court clerk
belcher Federal Bldg. & courthouse
333 W. 4th St., Rm. 411
Tulsa, Okla 74103

Respectfully submitted,

__Brian J. Scott__
(name), DOC # 399317
James Crabtree Correctional Center
Unit # 1-16
216 North Murray Street
Helena, Oklahoma 73741-1017

further, I hereby invoke the 3day Prison mailbox Rule, 28 U.S.C. §1746. See Fed. R. App. P. 4(A)(c); United States v. Ceballos-Martinez, 358 F.3d 732; Houston v. Lack, 487 U.S. 266, 276 (1988); 18 U.S.C. §1621

3

Brian Scott #329317
J.C.C.C., Unit 1-6
216 N. Murray St.
Helena, OK 73741-1017

US POSTAGE PITNEY BOWES
ZIP 73741
02 4W
0000387825 MAR 28 2025
$000.97

OKLAHOMA CITY OK 730
28 MAR 2025 PM 4 L

Postmarked 3/28/2025
23CV490-JDR-CDL
AH

RECEIVED
MAR 31 2025
Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

Legal Mail

U.S. Northern District Courthouse
Clerk: Mark McCartt
Belcher Federal Bldg & Courthouse
333 W. 4th St., Rm. 411
Tulsa, Oklahoma 74103-3819

74103-381958