IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MUSCOGEE (CREEK) NATION, a federally recognized Indian Tribe, )<br><br>Plaintiff, )<br><br>vs. )<br><br>CITY OF TULSA; G.T. BYNUM, in his official capacity as Mayor of City of Tulsa; WENDELL FRANKLIN, in his official capacity as Chief of Police, Tulsa Police Department; and JACK BLAIR, in his official capacity as City Attorney for City of Tulsa, )<br><br>Defendants. ) | Case No. 23-CV-490-JDR-SH |

**GOVERNOR J. KEVIN STITT'S OBJECTION TO FOURTH JOINT MOTION TO EXTEND STAY OF PROCEEDINGS**

Proposed Intervenor Governor J. Kevin Stitt (The "Governor" or "Governor Stitt") respectfully objects to the Parties' Fourth Joint Motion to Extend Stay of Proceedings, Doc. 145, and seeks an order declining to stay the proceedings as to the Governor's pending Notice of Required Dismissal for Non-Joinder or, in the alternative, Motion to Intervene ("Governor's Motion"). It would be plainly and palpably prejudicial for the Court to continue to exclude the State's involvement in settlement negotiations or agreements when the State is a necessary and indispensable party whose participation is legally required. In support, the Governor states as follows:

**BACKGROUND**

On June 17, 2025, the parties, Muscogee (Creek) Nation ("Tribe") and officials of the City of Tulsa (collectively "City of Tulsa"), sought a *fourth* extension of the stay ordered in this case that was set to expire on June 18, 2025. The parties stated they "have worked cooperatively and productively towards a resolution of this matter," "have now concluded their negotiations and have reached

1

agreement as to a proposed settlement agreement, which they intend to submit shortly to this Court for its review." Doc. 145 at ¶ 5.

Over three (3) months ago, the Governor filed his Notice of Required Dismissal for Non-Joinder or, in the alternative, Motion to Intervene ("Governor's Motion"). *See* Doc. 127. The parties have failed to respond to the Governor's Motion, likely due to the stay, and the Court has yet to rule on the Governor's Motion.

## ARGUMENT AND AUTHORITIES

Although the decision whether to stay proceedings lies within a court's discretion, "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Moreover, "[t]he fact that the issuance of a stay is left to the court's discretion 'does not mean that no legal standard governs that discretion . . . .'" *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted). Ordinarily, mere convenience and judicial economy are an insufficient basis for staying a cause, particular when the stay would adversely impact interested and necessary parties or the public. As the Tenth Circuit has instructed: "the consideration of judicial economy . . . should rarely if ever lead to such broad curtailment of the access to the courts." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1485 (10th Cir. 1983).

Although the Court was likely persuaded by the fact the parties agree on a stay, continuing to accept that agreement without resolving the Governor's Motion is an invitation to commit reversable error and significant waste or prejudice to the parties or public. *See generally* Doc. 127. The parties' stay agreement disregards the prejudice a stay imposes on necessary parties like the State of Oklahoma, whom it effectively—and indefinitely—excludes from participation. The Court should revisit the stay in light of this harm and the Court's own independent obligations, which are not extinguished by any private settlement agreement. Moreover, the Court should enter such orders as are necessary and

2

appropriate to resolve the Governor's Motion before allowing the Parties to settle this case without the State's involvement.

**I.     SETTLEMENT DOES NOT RELIEVE THIS COURT OF ITS INDEPENDENT DUTY TO RESOLVE THE GOVERNOR'S MOTION.**

*A. This Court has a duty to dismiss the case for failure to join a necessary and indispensable party.*

As the Governor explained in his Motion, an absent, necessary individual "must be joined as a party" when joinder is feasible or the case "should be dismissed." Fed. R. Civ. P. 19(a)(1), (b); *see also* Doc. 127 at 5–7. The obligation detailed in Federal Rule 19 is mandatory, not optional. If the individual is a necessary party, he *must* be joined. *See id.* If joinder is not feasible and the absent party is indispensable, the case *must* be dismissed if certain factors are met. *See* Doc. 127 at 14–15. Again, "[t]he issue of indispensability, generally, is not waivable, and is one which courts have an independent duty to raise *sua* sponte." *Id.* at 6 (quoting *Symes v. Harris*, 472 F.3d 754, 760 (10th Cir. 2006)). Accordingly, any private settlement agreed to by the parties does not relieve this Court of its independent obligation to resolve the joinder issue raised by Governor Stitt. If this Court does not take the matter up, the issue will be preserved for review and reversal on appeal. The interests of judicial economy therefore support taking up the Governor's Motion now. Because the State of Oklahoma is a necessary and indispensable party that cannot be feasibly joined, the Court must dismiss the case. *See id.* at 5–15.

*B. This Court should not allow settlement negotiations or agreements to proceed until the Governor—a necessary and indispensable party—has been heard.*

At a minimum, this Court must ensure that the State of Oklahoma, a necessary and indispensable party, is heard before allowing the settlement discussions (or worse actual settlement) to proceed in its absence. *See* Doc. 127 at 5–15. Failing to do so risks abusing the Court's discretion under the Federal Rules of Civil Procedure, which provide that a non-party *is entitled* to intervene if they "claim[] an interest relating to the property or transaction that is the subject of the action" and disposition of the action "may as a practical matter impair or impede the movant's ability to protect

its interest." Fed. R. Civ. P. 24(a)(2); *see also* Doc. 127 at 5–7. Put differently, a necessary and indispensable party "must be joined" or the "the court must determine" whether the action can proceed in the absence of the non-party when "in that person's absence, the court cannot accord complete relief among existing parties" or when disposition in the person's absence may "impair or impede the person's ability to protect the interest[.]" Fed. R. Civ. P. 19. That is exactly what Governor Stitt has claimed on behalf of the State of Oklahoma in his Motion. *See generally* Doc. 127. Thus, continuing the stay while the Governor's Motion remains pending deprives the State of the full opportunity to participate in this case as guaranteed by Federal Rule 24.

Importantly, courts have noted that "[l]itigants cannot by consent, either passive or express, dispense with necessary parties, or confer upon a person who does not have a sufficient interest in a controversy entitlement to bring suit." *Rebel v. Nodak Mut. Ins. Co.*, 585 N.W.2d 811, 813 (N.D. 1998). Again, Federal Rules 19 and 24 impose mandatory requirements that this Court must independently enforce, regardless of the parties' preferences or settlement posture. This Court should not allow the parties to continue settlement negotiations—excluding the State who is a necessary party—until the Court has ruled on Governor Stitt's Motion.

**II.    THE TRADITIONAL STAY FACTORS DO NOT SUPPORT A CONTINUED STAY WITHOUT RESOLVING THE GOVERNOR'S MOTION FIRST.**

The burden of establishing need for a stay rests with its proponents. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent[s] of a stay bears the burden of establishing its need."). Courts generally consider four injunctive-like factors in determining whether a stay is appropriate: (1) whether the stay proponent has made a strong showing of likelihood of success on the merits, (2) whether the proponent will be irreparably injured absent a stay, and (3) whether a stay would substantially injure other interested parties, and (4) whether the public interest supports a stay. *Nken v. Holder*, 556 U.S. 418, 434 (2009); *see also United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th

Cir. 2003). All factors weigh against further delay, and the Court should decline to continue the stay pending resolution of the Governor's Motion.

The first factor is inapplicable here. Because both sides support the stay, it is not clear whose likelihood of success the Court would evaluate. Even so, to the extent the stay is justified by ongoing settlement negotiations, that rationale cannot be supported by any likelihood the underlying case will succeed on its merits. Such a finding would be undermined by both the Governor's Motion and the Defendants' previously filed motion to dismiss, *see* Docs. 28, 127, establishing that dismissal is the appropriate disposition here.

The second factor weighs heavily against a stay. Neither party has offered any showing of irreparable injury to justify their prior stay requests. *See e.g.,* Docs. 117, 122, 142. Rather, the parties have justified their continued stay requests based principally on their own agreement. Because the Governor seeks only the limited relief of the resolution of his Motion, no prejudice (substantial or otherwise) would result from declining to issue a broad stay. The Court could continue to stay other aspects of this proceeding, including discovery and pre-trial deadlines, without undermining the Governor's narrow requested relief. By contrast, continuing to delay a decision on the Governor's Motion risks substantial prejudice—even to the current parties. *See* Doc. 127 at 15, 21–22.

The third factor likewise weighs against a stay. While the named parties may not assert irreparable harm, the State is a necessary and indispensable party to the proceedings. And the State suffers clear and ongoing prejudice from being excluded as this case apparently progresses toward resolution without it. The fourth and final factor also weighs against a continued stay. There is no public interest in sidelining a necessary and indispensable party with a legally protected interest, or delaying the necessary dismissal of a non-viable case. As the Tenth Circuit has made clear: "'[t]he right to proceed in court should not be denied except under the most extreme circumstances.'" *Commodity*

*Futures Trading Comm'n v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (citation omitted).

## CONCLUSION

For these many reasons, the Governor respectfully asks the Court decline to continue the stay as to the Governor's Notice of Required Dismissal for Non-Joinder or, in the alternative, Motion to Intervene. Moreover, the Court should enter such orders as are necessary and appropriate to resolve the Governor's Motion before allowing the Parties to settle this case without the State's involvement.

Respectfully submitted,

   /s/ *Audrey A. Weaver*
BENJAMIN M. LEPAK, OBA No. 30886
  *General Counsel*
AUDREY A. WEAVER, OBA No. 33258
  *Deputy General Counsel*
REMINGTON D. DEAN, OBA No. 35581
  *Deputy General Counsel*
OFFICE OF GOVERNOR J. KEVIN STITT
2300 N. Lincoln Blvd., Suite 212
Oklahoma City, OK 73105
Phone: (405) 521-2342
Benjamin.lepak@gov.ok.gov
Audrey.weaver@gov.ok.gov
Remington.dean@gov.ok.gov
*Counsel for J. Kevin Stitt, Governor of Oklahoma*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 17th day of June, 2025, I electronically transmitted the foregoing document to the Clerk of this Court using the ECF System for filing and transmittal and a Notice of Electronic Filing to counsel of record who are ECF registrants.

               Respectfully submitted,

               */s/ Audrey A. Weaver*
               Audrey Weaver, OBA # 33258