# United States District Court
## for the Northern District of Oklahoma

Case No. 23-cv-490-JDR-SH

MUSCOGEE (CREEK) NATION, *a federally recognized Indian Tribe*,

*Plaintiff*,

versus

CITY OF TULSA; MONROE NICHOLS IV, *in his official capacity as Mayor of* CITY OF TULSA; DENNIS LARSEN, *in his official capacity as Chief of Police,* TULSA POLICE DEPARTMENT;[1] JACK BLAIR, *in his official capacity as City Attorney for* CITY OF TULSA,

*Defendants.*

## OPINION AND ORDER

The Muscogee (Creek) Nation seeks a declaratory judgment that the City of Tulsa, Mayor Monroe Nichols, Chief of Police Dennis Larsen, and City Attorney Jack Blair lack criminal jurisdiction over Indians who commit traffic offenses within the Creek Reservation and asks the Court to enjoin Defendants from exercising this jurisdiction without express authorization from Congress. Dkt. 2. Defendants moved to dismiss, arguing that the action is premature because "the law regarding jurisdiction over Indians is unsettled, continually evolving, and the subject of several pending lawsuits in both state and federal courts." Dkt. 28 at 6. Twelve individuals claim to have an interest

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Monroe Nichols IV is substituted for G T Bynum and Dennis Larsen is substituted for Wendell Franklin as defendants in this case.

No. 23-cv-490

in the outcome of this case and seek to intervene.[2] Both MCN and Defendants oppose intervention. Dkts. 48, 49, 58-60, 81-83, 90-92, 94, 111. For the following reasons, the motions to intervene by these twelve individuals are denied.[3]

I

An individual has the right to intervene if: (1) his motion is timely; (2) he claims an interest relating to the property or transaction at issue in the action which may be impaired or impeded; and (3) that interest is not adequately represented by the existing parties.[4] *Berger v. N. Carolina State Conference of the NAACP*, 597 U.S. 179, 190 (2022) (quoting Fed. R. Civ. P. 24(a)(2)). The timeliness of these motions to intervene is not in dispute.[5] The question before the Court, then, is whether the individuals have an interest

---

[2] Dkt. 44 (Tony LaMonte Greene); Dkt. 45 (Jimmy Glenn Hendrix); Dkt. 50 (Jerry Lee Irwin); Dkt. 54 (Courtney Crenshaw); Dkt. 55 (Brian Wayne Patterson); Dkt. 57 (Michael Lowery); Dkt. 63 (Charles Humbyrd); Dkt. 65 (Darvin W. Gray); Dkt. 69 (Shawn McMinn); Dkt. 79 (Brian Tyrone Scott); Dkt. 86 (Kendall Dean Mitchell); Dkt. 108 (Richard Dawson). Mr. Hendrix also filed two supplements to his motion to intervene. Dkts. 116, 141.

[3] The United States of America, acting on its own behalf and as trustee for MCN, Domario Solomon-Simmons, and the Muscogee Creek Indian Freedmen Band also seek to intervene in the case. Dkts. 39, 130, 131. Because these parties assert different interests than the individuals, their motions will be addressed by separate order. Oklahoma Governor J. Kevin Stitt has also filed a notice of required dismissal for non-joinder, or in the alternative, a motion to intervene. Dkt. 127. This filing will also be addressed by separate order.

[4] A motion to intervene "must be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). The moving parties have not done so, but construing their motions liberally, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the claim for which they seek to intervene is clear. Although the movants did not file separate pleading documents, the Court declines to deny the motions solely based on that defect. *See, e.g., Day v. Sebelius*, 227 F.R.D. 668, 672-73 (D. Kan. 2005).

[5] MCN filed its complaint on November 15, 2023, and the last individual motion to intervene was filed on September 19, 2024. The motions were timely because "the case [was] far from ready for final disposition; no scheduling order ha[d] been issued, no trial date set, and no cut-off date for motions set." *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1250-51 (10th Cir. 2001). Further, the existing parties had not yet requested a stay to facilitate settlement negotiations.

No. 23-cv-490

in this action that may be affected by the outcome that is not already adequately represented.

The burden of showing an interest that may be impaired by pending litigation is minimal; the movants need only identify an interest and show that "it is 'possible' that the interests they identify will be impaired." *W. Energy All. v. Zinke*, 877 F.3d 1157, 1167 (10th Cir. 2017) (quoting *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1199 (10th Cir. 2010); *Clinton*, 255 F.3d at 1253). The individuals seeking to intervene are Indians who have been convicted in state court for various crimes committed in Indian country. They assert an interest in Defendants' acknowledgement of tribal sovereignty and in preventing Oklahoma and/or its municipalities from asserting criminal jurisdiction over Indians in Indian country.[6] The individuals argue that they are entitled to know: (1) which criminal jurisdiction—either the state, municipality, or tribal—they fall under in Tulsa and (2) how their past state convictions will affect their ability to vote in local elections and the ability to work for Tulsa in the future. Dkts. 55, 63, 65, 69, 72, 76, 77, 79, 86, 98, 104, 105, 108.

Although the individuals claim to have an interest that may be affected by the outcome of the lawsuit, they have provided no evidence that MCN cannot adequately represent that interest. The burden to establish this element is minimal, but the Court presumes representation is adequate where the objectives of the parties are the same. *See, e.g., Tri-State Generation & Transmission Ass'n, Inc. v. New Mexico Pub. Regulation Comm'n*, 787 F.3d 1068, 1072 (10th Cir. 2015) (citations omitted); *see also City of Stillwell, Okla. v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1042-43 (10th Cir. 1996) (denying motion to intervene where the intervenor's "ultimate motivation in th[e]

---

[6] Several of the movants also assert that their prior Oklahoma convictions are invalid. But the outcome of this litigation will not affect whether issues surrounding those convictions are sufficiently preserved for appeal. Accordingly, the Court focuses on the individuals' other asserted interest—determining whether Defendants have criminal jurisdiction over Indians in Indian country. The answer to this question will allow those individuals with live controversies to take appropriate steps in correlated criminal matters.

3

No. 23-cv-490

suit" differed from the original party's, but the objective of both parties was identical). This is especially true where, as here, the "case presents only a single issue on which the [original party's] position is quite clear, and no evidence suggests that position might be subject to change in the future ...." *W. Energy All.*, 877 F.3d at 1168 (citing *Kane Cty., Utah v. United States*, 597 F.3d 1129, 1134-35 (10th Cir. 2010)).

MCN, like the individuals, seeks to determine whether Defendants have criminal jurisdiction over Indians in Indian country. Because the interest is identical to the movants' claimed interest, MCN's representation is presumed to be adequate. To rebut this presumption, the individuals must show "that there is collusion between the representative and an opposing party, that the representative has an interest adverse to the applicant, or that the representative failed to represent the applicant's interest." *Bottoms v. Dresser Indus., Inc.*, 797 F.2d 869, 872-73 (10th Cir. 1986) (citing *Sanguine, Ltd. v. Dep't of the Interior*, 736 F.2d 1416, 1419 (10th Cir. 1984)). The individuals have not made this showing. To the contrary, many of the individual proposed intervenors "applaud the willingness and determination of [MCN] in filing this action 'to put an end to Tulsa's unlawful assertions of authority and to vindicate its sovereignty.'" Dkt. 105 at 1. Rather than establish collusion with Defendants, the record shows that MCN "has staunchly opposed Tulsa's arguments in support of state and/or municipal criminal jurisdiction over all Indians in Indian country ...." Dkt. 94 at 6. There is no evidence to suggest that MCN would change course now. Because their interests are adequately represented by MCN, the individuals do not have a right to intervene in this case.

## II

Although the individuals lack the right to intervene, this Court has discretion to permit intervention if they "ha[ve] a claim or defense that shares with the main action a common question of law or fact," which they

undoubtedly do. Fed. R. Civ. P. 24(b)(1)(B). In exercising its "very broad"[7] discretion to authorize or deny permissive intervention, the Court considers whether intervention will "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Tenth Circuit has found undue prejudice where the intervention would "clutter the action unnecessarily" without aiding the original parties in developing the legal or factual issues of the case. *Arney v. Finney*, 967 F.2d 418, 421-22 (10th Cir. 1992). The Court finds similar prejudice is likely here. Movants have asked the Court to add twelve pro se individuals without showing how the new parties would meaningfully aid MCN in its attempt to establish that Defendants do not have criminal jurisdiction over Indians in Indian country. The individuals "concede legal professionals can better represent the[ir] interests" than they could individually. Dkt. 105 at 2. Allowing the individuals to intervene would also "be an invitation to any member of the public who holds strong views about the outcome to seek to intervene," further multiplying the proceedings. *Kane Cty., Utah v. United States.*, No. 2:08-cv-315, 2009 WL 959804, at *4 (D. Utah Apr. 6, 2009). Opening the litigation up to an unknown number of interested parties would undoubtedly delay the resolution of the case. *See, e.g., Dollar Rent A Car, Inc. v. Westover Car Rental, LLC*, No. 17-cv-0628-CVE-FHM, 2018 WL 3420814, at *4 (N.D. Okla. July 13, 2018).

The Court can also consider whether movants' interest is adequately represented by an existing party in its permissive intervention analysis. *Tri-State Generation & Transmission Ass'n*, 787 F.3d at 1075 (collecting cases). The individuals' interest is adequately represented by MCN and there has been no showing that adding twelve pro se litigants would have a positive impact on the resolution of this case. Based on these factors, the individuals' motions

---

[7] *City of Herriman v. Bell*, 590 F.3d 1176, 1184 (10th Cir. 2010) (citing *United States v. Hooker Chem. & Plastics Corp.*, 749 F.2d 968, 990 n.19 (2d Cir. 1984))

No. 23-cv-490

to intervene [Dkts. 44, 45, 50, 54, 55, 57, 63, 65, 69, 79, 86, 108, 116, 141] are denied.

### III

One of the individuals seeking to intervene, Mr. Scott, alternatively seeks to be joined as a party [Dkt. 78] and asks to proceed in forma pauperis [Dkt. 80]. To be joined as a required party, Mr. Scott must show that, "in [his] absence, the court cannot accord complete relief among existing parties" or that he "is so situated that disposing of the action in [his] absence may ... as a practical matter impair or impede [his] ability to protect [his] interest" in the subject of this action. Fed. R. Civ. P. 19(a)(1). This case presents a binary issue: either Defendants can exercise criminal jurisdiction over Indians in Indian country or they cannot. Denying Mr. Scott's motion would not prevent the Court from granting or denying MCN's request for relief, nor would it leave either of the current parties with outstanding obligations to third parties upon final adjudication. *See, e.g., Sac & Fox Nation of Missouri v. Norton*, 240 F.3d 1250, 1258-59 (10th Cir. 2001). Neither MCN nor Defendants will be affected by Mr. Scott's absence from the litigation.

Likewise, Mr. Scott has failed to show that disposing of the action without him would affect his ability to protect his interest. MCN's interest is identical to Mr. Scott's, and MCN will adequately represent that shared interest. *Id.* at 1259 (collecting authorities). Accordingly, Mr. Scott is not a required party.

The Court may nonetheless permit Mr. Scott to join the litigation if he "assert[s] any right to relief ... arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). "Permissive joinder is meant to streamline the judicial process and allow logically related claims to be decided together." *Birdwell v. Glanz*, 314 F.R.D. 521, 526 (N.D. Okla. 2015). The Court can deny joinder "when it is infeasible or

No. 23-cv-490

prejudicial." *Bray v. Okla. Cty. Jail Tr. Auth.*, No. CIV-22-202-PRW, 2022 WL 1097094, at *1 (W.D. Okla. Mar. 22, 2022) (citing *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983); *Pinson v. Whetsel*, No. CIV-061372-F, 2007 WL 428191, at *1 (W.D. Okla. Feb. 1, 2007)). Mr. Scott has not presented any evidence that his participation would streamline the case. And as discussed above, any claimed interest is adequately represented by MCN, whose ability to efficiently represent that interest could be prejudiced by Mr. Scott's joinder. Mr. Scott's motion for joinder [Dkt. 78] is denied. Because he will not proceed as a party at this time, Mr. Scott's motion for leave to proceed in forma pauperis [Dkt. 80] is moot.

## IV

The individuals have failed to show that intervening in the case is necessary or appropriate. Accordingly, the motions to intervene [Dkts. 44, 45, 50, 54, 55, 57, 63, 65, 69, 79, 86, 108, 116, 141] are denied. Mr. Scott's motion for joinder [Dkt. 78] is denied and his motion for leave to proceed in forma pauperis [Dkt. 80] is moot.

DATED this 30th day of June 2025.

JOHN D. RUSSELL
*United States District Judge*