# United States District Court
## for the Northern District of Oklahoma

Case No. 23-cv-490-JDR-SH

Muscogee (Creek) Nation, *a federally recognized Indian Tribe*,

*Plaintiff,*

versus

City of Tulsa; Monroe Nichols IV, *in his official capacity as Mayor of* City of Tulsa; Dennis Larsen, *in his official capacity as Chief of Police,* Tulsa Police Department; Jack Blair, *in his official capacity as City Attorney for* City of Tulsa,

*Defendants.*

## OPINION AND ORDER

The Muscogee (Creek) Nation seeks a declaratory judgment that the City of Tulsa, Mayor Monroe Nichols, Chief of Police Dennis Larsen, and City Attorney Jack Blair lack criminal jurisdiction over Indians who commit traffic offenses within the Creek Reservation and asks the Court to enjoin Defendants from exercising this jurisdiction without express authorization from Congress. Dkt. 2. Defendants moved to dismiss, arguing that the action is premature because "the law regarding jurisdiction over Indians is unsettled, continually evolving, and the subject of several pending lawsuits in both state and federal courts." Dkt. 28 at 6. Mr. Damario Solomon-Simmons and the Muscogee Creek Indian Freedmen Band claim to have an interest in the outcome of this case and seek to intervene. Dkts. 130, 131. Defendants oppose the motions. Dkts. 150 at 2; 152 at 26-33. For the following reasons, the motion to intervene is denied and the motion for a temporary restraining order and preliminary injunction is moot.

No. 23-cv-490

A party has the right to intervene if: (1) its motion is timely; (2) it claims an interest relating to the property or transaction at issue in the action which may be impaired or impeded; and (3) that interest is not adequately represented by the existing parties. *Berger v. N. Carolina State Conference of the NAACP*, 597 U.S. 179, 190 (2022) (quoting Fed. R. Civ. P. 24(a)(2)). The first element, timeliness, must be determined "in light of all of the circumstances." *Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984). The Court must consider (1) the length of time since the movant knew of its interests in the case; (2) prejudice to the existing parties; and (3) prejudice to the movant." *Id.*

Mr. Solomon-Simmons and MCIFB's motion to intervene was untimely. MCN filed this case on November 15, 2023, and based on the parties' joint motion, the case was stayed on December 16, 2024. Dkt. 118. Mr. Solomon-Simmons and MCIFB did not file their motion to intervene until March 18, 2025. Dkt. 130. Four days before the motion was filed, MCN and Defendants filed a motion to extend the stay because MCN had "sent proposed settlement documents to Defendants for review, and Defendants [were] reviewing the proposed documents …." Dkt. 122 at 2. Mr. Solomon-Simmons became aware of his potential interest approximately three months before the motion to intervene was filed [Dkt. 130 at 13], but allowing Mr. Solomon-Simmons and MCIFB to intervene well into settlement negotiations would prejudice the existing parties. In fact, MCN and Defendants now represent to the Court that a settlement has indeed been reached between the parties. Dkt. 149.

As to whether Mr. Solomon-Simmons and MCIFB have an interest that may be impaired or impeded, they need only show that "it is 'possible' that the interests … will be impaired." *W. Energy All. v. Zinke*, 877 F.3d 1157, 1167 (10th Cir. 2017) (quoting *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1199 (10th Cir. 2010); *Utah Ass'n of Ctys. Clinton*, 255 F.3d 1246, 1253 (10th Cir. 2001)). The proposed intervenors claim to have the same

No. 23-cv-490

interest in the case as MCN: a determination that Defendants violate federal law when they exercise criminal jurisdiction over Indians on Indian land. Dkt. 130 at 6. While this interest could be affected by the outcome of this case, Mr. Solomon-Simmons and MCIFB concede that there is a "problem" with their claim to this interest because "MCN's official position is that Mr. Solomon-Simmons and other similarly situated Creek Freedmen are not Creek Indian for the purposes of federal law …." *Id*. Thus, Mr. Solomon-Simmons and MCIFB's true interest—being recognized as enrolled members of MCN—is not at issue in this litigation and cannot be impaired.

Further, Mr. Solomon-Simmons and MCIFB have provided no evidence that MCN cannot adequately represent any interest they may have in stopping the Defendants from exercising criminal jurisdiction over Indians in Indian country. The burden to establish this element is minimal, but the Court presumes representation is adequate where the objectives of the parties are the same. *See, e.g., Tri-State Generation & Transmission Ass'n, Inc. v. New Mexico Pub. Regulation Comm'n*, 787 F.3d 1068, 1072 (10th Cir. 2015) (collecting cases); *see also City of Stillwell, Okla. v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1042-43 (10th Cir. 1996) (denying motion to intervene where the intervenor's "ultimate motivation in th[e] suit" differed from the original party's, but the objective of both parties was identical). This is especially true where, as here, the "case presents only a single issue on which the [original party's] position is quite clear, and no evidence suggests that position might be subject to change in the future." *W. Energy All.*, 877 F.3d at 1168 (citing *Kane Cty., Utah v. United States*, 597 F.3d 1129, 1134-35 (10th Cir. 2010)).

MCN seeks to determine whether Defendants have criminal jurisdiction over Indians in Indian country. Because this interest is identical to the movant's claimed interest, MCN's representation is presumed to be adequate. To rebut this presumption, Mr. Solomon-Simmons and MCIFB must show "that there is collusion between the representative and an opposing party, that the representative has an interest adverse to the applicant, or that

No. 23-cv-490

the representative failed to represent the applicant's interest." *Bottoms v. Dresser Indus., Inc.*, 797 F.2d 869, 872-73 (10th Cir. 1986) (citing *Sanguine, Ltd. v. Dep't of the Interior*, 736 F.2d 1416, 1419 (10th Cir. 1984)). The movants have not made this showing. Rather than establishing that MCN has colluded with Defendants, the record shows that MCN "has staunchly opposed Tulsa's arguments in support of state and/or municipal criminal jurisdiction over all Indians in Indian country." Dkt. 94 at 6. While the proposed settlement does not ultimately address the jurisdictional issue, it would prevent Defendants from exercising criminal jurisdiction over Indians on MCN's reservation. Because Mr. Solomon-Simmons and MCIFB's alleged interest has been adequately represented by MCN, they do not have a right to intervene in this case.

Although Mr. Solomon-Simmons and MCIFB lack the right to intervene, this Court has discretion to permit intervention if the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising its "very broad"[1] discretion to authorize or deny permissive intervention, the Court considers whether intervention will "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Tenth Circuit has found undue prejudice where the intervention would "clutter the action unnecessarily" without aiding the original parties in developing the legal or factual issues of the case. *Arney v. Finney*, 967 F.2d 418, 421-22 (10th Cir. 1992). The Court finds similar prejudice is likely here. Movant has asked the Court to be added to the litigation without showing how it would meaningfully aid MCN in its attempt to establish that Defendants do not have criminal jurisdiction over Indians in Indian country. Allowing Mr. Solomon-Simmons and MCIFB to intervene would also "be an

---

[1] *City of Herriman v. Bell*, 590 F.3d 1176, 1184 (10th Cir. 2010) (citing *United States v. Hooker Chem. & Plastics Corp.*, 749 F.2d 968, 990 n.19 (2d Cir. 1984))

4

No. 23-cv-490

invitation to any member of the public who holds strong views about the outcome to seek to intervene," further multiplying the proceedings. *Kane Cty., Utah v. United States.*, No. 2:08-cv-315, 2009 WL 959804, at *4 (D. Utah Apr. 6, 2009). Opening the litigation up to an unknown number of interested parties would undoubtedly delay the resolution of the case. *See, e.g., Dollar Rent A Car, Inc. v. Westover Car Rental, LLC*, No. 17-cv-0628-CVE-FHM, 2018 WL 3420814, at *4 (N.D. Okla. July 13, 2018).

The Court can also consider whether a movant's interest is adequately represented by an existing party in its permissive intervention analysis. *Tri-State Generation & Transmission Ass'n*, 787 F.3d at 1075 (collecting cases). Mr. Solomon-Simmons and MCIFB's interest, if any, in this litigation is adequately represented by MCN and there has been no showing that adding these parties would have a positive impact on the resolution of this case. Based on these factors, Mr. Solomon-Simmons and MCIFB's motion to intervene [Dkt. 130] is denied and their motion for a temporary restraining order and preliminary injunction [Dkt. 131] is moot.

DATED this 30th day of June 2025.

JOHN D. RUSSELL
*United States District Judge*