# United States District Court
## for the Northern District of Oklahoma

Case No. 23-cv-490-JDR-SH

Muscogee (Creek) Nation, *a federally recognized Indian Tribe*,

*Plaintiff*,

*versus*

City of Tulsa; Monroe Nichols IV, *in his official capacity as Mayor of the City of Tulsa*; Dennis Larsen, *in his official capacity as Chief of Police of the Tulsa Police Department*;[1] Jack Blair, *in his official capacity as City Attorney for the City of Tulsa*,

*Defendants*.

### ORDER

The Muscogee (Creek) Nation sued the City of Tulsa, its Mayor, the Chief of Police, and its City Attorney seeking a declaratory judgment that Defendants lack criminal jurisdiction over Indians who commit traffic offenses within the Creek Reservation. Dkt. 2. The Nation also asked the Court to enjoin Defendants from exercising this jurisdiction without express authorization from Congress. Dkt. 9. Defendants moved to dismiss, arguing that the action was premature because "the law regarding jurisdiction over Indians is unsettled, continually evolving, and the subject of several pending lawsuits in both state and federal courts." Dkt. 28 at 6.[2] The parties have settled their

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Monroe Nichols IV is substituted for G. T. Bynum and Dennis Larsen is substituted for Wendell Franklin as Defendants in this case.

[2] All citations use CM/ECF pagination.

No. 23-cv-490

dispute and have jointly moved for a Court order approving their joint settlement agreement. Dkt. 149. The Court denies the parties' requested relief.

"Ordinarily, settlement agreements need not be approved by the Court." *TBG Inc. v. Bendis*, 811 F. Supp. 596, 600 (D. Kan. 1992). Private settlements are typically left to private parties. The Court is not a signatory to the settlement agreements, and "approval" of settlement agreements is not appropriate without good reason. *CashFlow Sols., LLC v. Bradley*, No. 6:24-cv-2355-GAP-DCI, 2025 WL 1203092, at *1 n.1 (M.D. Fla. Mar. 7, 2025) (holding "[t]he court will not add its imprimatur to the parties' settlement agreement absent a good reason to do so").

The parties have not justified deviating from this rule. The parties have not shown any special reason the Court would need to approve their settlement agreement. At most, the parties request the Court retain jurisdiction over the agreement to police the parties' compliance with it. Dkt. 149 at 4; Dkt. 149-1 ¶ 18(c). But the Court need not approve the agreement to retain jurisdiction over it. A court may retain jurisdiction over a settlement agreement "if the order of dismissal shows an intent to retain jurisdiction or incorporates the settlement agreement." *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). When a settlement agreement provides that its terms "may be specifically enforced [by the district court], and the court shall retain jurisdiction for such purpose," a court will retain jurisdiction even if the case is closed by an administrative order rather than an order of dismissal. *Floyd v. Ortiz*, 300 F.3d 1223, 1227 n.3 (10th Cir. 2002).[3] Should the parties move forward with their agreement without the Court's approval, the Court will retain jurisdiction over the parties' settlement agreement unless the parties state

---

[3] But the Court also acknowledges that there is a circuit split on this issue. See *Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012) (holding that parties cannot "extend jurisdiction by agreement only" as "ancillary jurisdiction allows a district court to effectuate its orders, not to enforce stipulations").

No. 23-cv-490

otherwise in their notice of dismissal. But as the Court need not approve the parties' settlement to retain jurisdiction, the Court will not do so.

The parties' joint motion for approval of settlement [Dkt. 149] is denied. If the parties still wish to settle, they should file a notice of dismissal. The Court will retain jurisdiction over the parties' settlement agreement unless the notice declines the Court's jurisdiction.

The Court recognizes that the State of Oklahoma has moved to intervene [Dkt. 127], and the United States has both moved to intervene [Dkt. 39] and subsequently moved to withdraw that motion [Dkt. 151] contingent on the Court's approval of the parties' settlement agreement. Since the Court will not grant approval of the parties' settlement agreement, the United States' motion to withdraw [Dkt. 151] is denied as moot. The Court will hold a status conference at 9:00 a.m. on March 6, 2026, to address whether the United States' and State of Oklahoma's respective motions to intervene are mooted by the settlement between the current parties.

DATED this 20th day of February 2026.

JOHN D. RUSSELL
*United States District Judge*