IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MUSCOGEE (CREEK) NATION, a federally recognized Indian Tribe, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF TULSA; G.T. BYNUM, in his official capacity as Mayor of City of Tulsa; WENDELL FRANKLIN, in his official capacity as Chief of Police, Tulsa Police Department; and JACK BLAIR, in his official capacity as City Attorney for City of Tulsa, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 23-CV-490-JDR-SH |

**GOVERNOR J. KEVIN STITT'S STATEMENT IN RESPONSE TO
THE COURT'S MARCH 4, 2026 MINUTE ORDER**

Pursuant to the Court's Minute Order, Doc. 162, entered on March 4, 2026, Governor Stitt respectfully submits the following response:

1. The Governor's Notice of Required Dismissal for Non-Joinder or, in the Alternative, Motion to Intervene, Doc. 127 ("Notice and Alternative Motion"), remains pending and requires the Court's resolution notwithstanding the parties' stipulated dismissal. The Governor respectfully requests the Court decide the Notice and Alternative Motion on the merits.

2. Approximately one year ago, the Governor filed his Notice and Alternative Motion on behalf of the State of Oklahoma. *See* Doc. 127 (Mar. 14, 2025).

3. While the Notice and Alternative Motion was pending, the named parties jointly moved for an order approving their joint settlement and dismissing the case. *See* Doc. 149 (June 25, 2025).

4. On February 20, 2026, the Court denied the parties' joint motion but observed it would retain ancillary jurisdiction over the settlement agreement unless the parties stated otherwise in their

1

notice of dismissal. Doc. 159 (Feb. 20, 2026). The Court also scheduled a status conference for March 6, 2026 "to address whether the United States' and State of Oklahoma's respective motions to intervene are mooted by the settlement between the current parties." *Id.*

5.     On March 4, 2026, the named parties filed their Stipulation of Dismissal, stipulating to dismissal under the terms of their joint settlement agreement and indicating their intent for the Court to retain jurisdiction to enforce their settlement agreement. Doc. 161 (Mar. 4, 2026).

6.     This filing follows the Court's Minute Order the same day, which directed the parties and putative parties to identify which pending motions remain for the Court's consideration. Doc. 162 (Mar. 4, 2026).

7.     The Governor's Notice and Alternative Motion remains pending and unlike the United States, the Governor has not indicated any intention to withdraw his motion. To the contrary, he intends to press the Notice and Alternative Motion in order to protect the interests of the State.

8.     Resolving the Governor's Notice and Alternative Motion on the merits is necessary notwithstanding the stipulation of dismissal because: (1) the State is a necessary and indispensable party whose consent is required to enter into a stipulation of dismissal under Fed. R. Civ. P. 41(a)(1)(A), *see, e.g., Fed. Deposit Ins. Corp. v. Jennings*, 816 F.2d 1488, 1491 (10th Cir. 1987); *Sommers v. Bank of Am., N.A.*, 835 F.3d 509, 513 n.5 (5th Cir. 2016), (2) the Court must give careful consideration to the State's sovereign power to enforce state law and preserve criminal jurisdiction, *see, e.g., Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 277–79 (2022) (reversing a lower court's denial of a state attorney general's motion to intervene in part because "a State's opportunity to defend its laws in federal court should not be lightly cut off."); *In re De-Annexation of Certain Real Prop. from City of Seminole*, 2004 OK 60, ¶ 10, 102 P.3d 120, 125–26 ("There is only one sovereign power in state government."), and (3) it would reduce further prejudice or uncertainty, which otherwise may require further proceedings in this Court or result in continued impediments to the State's pursuit of state-

law remedies against the City of Tulsa's unlawful actions now pending before the Oklahoma Supreme Court in *State ex rel. Stitt v. City of Tulsa*, No. 123,368 (Okla. Sup. Ct. filed Aug. 20, 2025).[1]

9.   In addition, the Governor's Notice and Alternative Motion makes clear that if the case is not dismissed outright, "upon an order allowing the Governor to intervene, he would immediately advance the State's affirmative defenses through a motion seeking to dismiss this case in its entirety[,]" including "re-assert[ing] the defenses previously asserted by Tulsa in its motion to dismiss [Doc. 28]." Doc. 127 at 16 & 16 n.7. Accordingly, the Governor maintains that the defenses and arguments raised in the City of Tulsa's Motion to Dismiss, Doc. 28, are not moot and would require adjudication regardless of the City of Tulsa's current litigation position.

10.   For these reasons, the Governor respectfully submits that his Notice of Required Dismissal for Non-Joinder or, in the Alternative, Motion to Intervene, Doc. 127, remains pending and should be resolved on the merits by the Court.

Respectfully submitted,

/s/ Audrey A. Weaver
BENJAMIN M. LEPAK, OBA No. 30886
   *General Counsel*
AUDREY A. WEAVER, OBA No. 33258
   *Senior Litigation Counsel*
REMINGTON D. DEAN, OBA No. 35581
   *Deputy General Counsel*
OFFICE OF GOVERNOR J. KEVIN STITT
2300 N. Lincoln Blvd., Suite 212
Oklahoma City, OK 73105
Phone: (405) 521-2342
Benjamin.lepak@gov.ok.gov
Audrey.weaver@gov.ok.gov
Remington.dean@gov.ok.gov
*Counsel for J. Kevin Stitt, Governor of Oklahoma*

---

[1] That court has already stayed the related litigation "in light of the pending litigation in the United States District Court for the Northern District of Oklahoma[,]" reflecting its intent not to interfere with this Court while the federal proceedings remain pending. Order, *State ex rel. Stitt v. City of Tulsa*, No. 123,368 (Okla. Sup. Ct. Dec. 15, 2025).

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 5th day of March, 2026, I electronically transmitted the foregoing document to the Clerk of this Court using the ECF System for filing and transmittal and a Notice of Electronic Filing to counsel of record who are ECF registrants.

      Respectfully submitted,

      */s/ Audrey A. Weaver*
      Audrey Weaver