IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MUSCOGEE (CREEK) NATION, a federally recognized Indian Tribe,<br><br>*Plaintiff*,<br><br>v.<br><br>CITY OF TULSA; MONROE NICHOLS IV, in his official capacity as Mayor of City of Tulsa; DENNIS LARSEN, in his official capacity as Chief of Police, Tulsa Police Department; and JACK BLAIR, in his official capacity as City Attorney for City of Tulsa,<br><br>*Defendants*. | Case No. 4:23-cv-00490<br><br>**UNITED STATES' RESPONSE TO MINUTE ORDER (DKT. NO. 162)** |

The United States hereby responds to the Court's minute order dated March 4, 2026, which directed the parties to identify which, if any, of their respective pending motions remain for the Court's consideration. Dkt. No. 162.

The United States' position is that, because the parties have filed a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) (Dkt. No. 161), all pending motions, including both motions to intervene (Dkt. Nos. 39 and 127), are moot. The stipulation of dismissal was effective at the time of filing, so there is no longer a live case or controversy between the parties, and there is no longer an active case in which to intervene. *E.g.*, *Tosco Corp. v. Hodel*, 804 F.2d 590, 592 (10th Cir. 1986) (holding that, with limited exceptions, settlement involving all parties and all claims moots case because there is no longer a case or controversy, depriving district court of jurisdiction to consider motions for intervention and injunction); *Moses v. City of Perry*, 90 F.4th 501, 507 (6th Cir. 2024) ("the original parties stipulated to a final dismissal that was effective immediately," the "district court retained jurisdiction only to

1

enforce the settlement agreement," and "the dismissal therefore mooted [the non-party's] motion to intervene); *Homesite Ins. Co. of the Midwest v. Robards*, No. 3:13-CV-515-TAV-CCS, 2014 WL 359823, at *2 (E.D. Tenn. Feb. 3, 2014) (collecting cases); *see also Marex Titanic, Inc. v. Wrecked & Abandoned Vessel,* 2 F.3d 544, 547–48 (4th Cir.1993) (holding that after the plaintiff voluntarily dismissed its action, "the district court had no discretion to allow [a nonparty] to intervene in the defunct action").

Accordingly, because all pending motions are moot, the United States withdraws its motion to intervene (Dkt. No. 39), contingent on the Governor of Oklahoma's motion to intervene (Dkt. No. 127) being denied as moot or withdrawn as well. If the Governor is allowed to intervene in this case, then the United States reserves the right to request a ruling on its motion to intervene.

DATED: March 5, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

*/s/ Cody McBride*
CODY MCBRIDE
HILLARY HOFFMAN
United States Department of Justice
Environment & Natural Resources Division
Tribal Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 598-3809 (McBride)
Tel.: (202) 598-3147 (Hoffman)
cody.mcbride@usdoj.gov
hillary.hoffman@usdoj.gov

OF COUNSEL:
CONOR CLEARY, Field Solicitor, Tulsa Field Solicitor's Office
United States Department of the Interior
Office of the Solicitor

*Attorneys for United States of America*

## CERTIFICATE OF SERVICE

I certify that on March 5, 2026, I electronically filed this document with the Clerk of Court by using the CM/ECF system, which will serve and send a notice of electronic filing to all parties and their counsel of record.

DATED: March 5, 2026

/s/ *Cody McBride*
CODY MCBRIDE, Trial Attorney